IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHERI MEARLS AND SHANDA JEAN,

        Plaintiffs,

v.                                  Civ. No.04-028 JH/WDS

UNITED PARCEL SERVICE, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff Cheri Mearls [Doc. No. 35]. The issue before the Court is whether Plaintiff Cheri Mearls' ("Mearls") claims against Defendant United Parcel Service, Inc. ("UPS") should be dismissed as a sanction for her failure to timely respond to written discovery requests, her failure to appear at a settlement conference, and her failure to appear at her deposition. After a review of the applicable precedents and the arguments of the parties, the Court concludes that UPS's motion should be denied, but that Mearls should be sanctioned for her actions as further explained herein.

## FACTS

On January 8, 2004, Plaintiffs filed their complaint for sex discrimination with this Court. On July 20, 2004, Magistrate Judge W. Daniel Schneider entered an Order Setting Settlement Conference for February 1, 2005. That Order provided that all parties of record, including parties represented by counsel, must attend the settlement conference in person. At the request of the parties, on January 27, 2005, Judge Schneider reset the settlement conference for March 21, 2005. Again, Judge Schneider's Order informed all parties that they must appear in person at the settlement conference.

However, Mearls failed to appear at the settlement conference, and the case did not settle. It does not appear from the record that UPS moved to sanction Mearls for this conduct.

According to Defendant's motion, on March 11, 2005, UPS served Mearls with a notice of deposition for April 14, 2005. About one week before the deposition, UPS's counsel contacted Mearls' attorney to confirm that she would appear, but he did not respond to that inquiry. Thereafter, UPS's corporate representative and corporate counsel flew from Phoenix to Albuquerque for the previously scheduled depositions of the plaintiffs. On April 13, 2005, UPS deposed Plaintiff Shanda Jean, and afterwards Mearls' attorney indicated that she would appear for her deposition the following day. UPS's corporate representative and out-of-state counsel spent the night in a hotel and prepared for Mearls' deposition, but she failed to appear at the designated time and place. Mearls does not deny any portion of this description of events. Once again, the record does not reveal any effort by UPS to obtain a sanction against Mearls for her failure to appear.

Finally, UPS contends and the record reveals that Mearls failed to file timely and complete responses to UPS's written discovery requests. Counsel for Mearls does not deny that she has not met her discovery obligations in a timely fashion. On May 6, 2005 (the same day that it filed the motion to dismiss currently before the Court), UPS filed a motion to compel Mearls to fully respond to UPS's discovery requests and requested an award of attorney's fees and costs. On July 12, 2005, Judge Schneider granted the motion to compel and ordered Mearls to fully respond to written discovery, but he did not address the issue of attorney's fees and costs. On August 16, 2005, UPS filed a notice alerting the Court to Mearls' failure to comply with Judge Schneider's July 12 Order.

**DISCUSSION**

District courts are empowered to dismiss an action for discovery violations. *See Archibeque v. Atchison, Topeka & Santa Fe Ry.*, 70 F.3d 1172, 1174 (10th Cir. 1995); Fed. R. Civ. P. 37(b)(2)(C). "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The Tenth Circuit Court of Appeals has recognized that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Id*. at 920; *see also Meade v. Grubbs*, 841 F.2d 1512, 1520 n. 6 (10th Cir. 1988) ("Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort.") (quotations and citation omitted). In *Ehrenhaus*, the Tenth Circuit set forth the following criteria that a district court should "ordinarily" consider on the record when employing this drastic measure: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (quotations and internal citations omitted). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id*. Not every case will require the district court's evaluation of all the *Ehrenhaus* criteria, however, since "often some of these factors will take on more importance tha[n] others." *Archibeque*, 70 F.3d at 1175 (affirming district court's dismissal order which stated the reasons for dismissal despite court's failure to warn plaintiff of impending dismissal) (quotation omitted).

**The Degree of Actual Prejudice to UPS**

As a result of Mearls' refusal to meet her discovery obligations in this case, UPS has incurred additional costs and attorney's fees that it would not otherwise have incurred. These include the fees and costs associated with filing a motion to compel, attending a settlement conference where a party was not present, and its representative and attorney spending an extra night in Albuquerque in anticipation of Mearl's properly scheduled April 14, 2005, deposition. Thus, UPS has shown actual prejudice in the form of monetary harm, although there is no information in the current record quantifying such harm.

**The Amount of Interference with the Judicial Process**

Mearls has interfered with the judicial process by failing to appear at a court-scheduled settlement conference, despite the fact that the court had previously sent two notices informing Mearls of her duty to attend. Although Mearls' counsel argues that he appeared at the settlement conference "with settlement authority," that simply is insufficient. Long experience has taught the Court that settlement conferences are most efficacious when the litigants themselves attend and participate in the process. In addition, it is not up to Mearls to decide to disregard an order of this Court to appear before it. She simply does not have that right. Mearls also has interfered with the judicial process by refusing to provide written discovery (thereby necessitating an order from this Court compelling her to provide that information) and by failing to appear for her deposition.

**The Culpability of the Litigant**

On the record before the Court, it appears that Mearls herself is culpable for her actions, and even her attorney admits that he has been frustrated by her failure to meet her obligations. The only excuse proffered by Mearls is that "it would be unfair to punish Mearls for her fear and trepidation about reliving what to her was a terrible and traumatic time in her life." Be that as it may, this

4

explanation is inadequate. It is Mearls who has chosen to commence litigation in this Court in an effort to obtain a remedy for alleged wrongs against her. Having done so, she is not now free to disregard the requirements of the legal process that she has invoked. She may not use litigation as both a shield and a sword.

**Prior Warning from the Court**

On the record before the Court, it appears that prior to this time Mearls has received no warning that her failure to adhere to all of her obligations under the Federal Rules of Civil Procedure, including all of her discovery obligations, could result in the dismissal of all of her claims against UPS. Although UPS has argued that it has repeatedly warned Mearls' attorney that it would seek dismissal of her claims unless Mearls participated in the case, that is inadequate warning under the Tenth Circuit's opinion in *Ehrenhaus*, which requires warning from the Court, not opposing counsel.

**Efficacy of Lesser Sanctions**

Mearls' counsel suggests that an equally efficacious but lesser sanction exists in the form of ordering Mearls to reimburse UPS and warning her that further non-compliance will result in dismissal of her claims.

After considering each of the above factors, the Court concludes that while Mearls' conduct warrants a significant sanction against her, the ultimate sanction of dismissal is not appropriate here. In reaching this conclusion, the Court balances the seriousness of Mearls' conduct and her lack of adequate explanation for her behavior against the fact that Mearls has received no prior sanction from this Court. This is due in significant part to the fact that UPS did not bring Mearls' non-appearance at her deposition to the Court's attention at an earlier date, did not seek sanctions for her non-appearance at the settlement conference, and did not seek sanctions for her ongoing failure to

5

produce discovery until May 6, 2005, the same day that it filed its motion to dismiss. Had the Court, prompted by such a prior request, issued Mearls a written warning and administered some form of sanction against her, then perhaps the Court would view the present motion in a different light. Under the circumstances, however, the Court finds that a monetary sanction is appropriate, and UPS's motion to dismiss will be denied.

Furthermore, Mearls is hereby warned that any failure to appear at a Court-ordered hearing or properly noticed deposition, her failure to promptly comply with any discovery order of this Court (including but not limited to Judge Schneider's July 12, 2005 Order), or her failure to meet any other obligation under either the Federal Rules of Civil Procedure or the Local Rules for the District of New Mexico may result in the dismissal with prejudice of all of her claims against UPS.

Finally, Mearls will be sanctioned in an amount to be determined by Magistrate Judge Schneider, who has overseen discovery in this case and who is most familiar with Mearls' acts of non-compliance. Thus, the Court *sua sponte* refers the decision regarding the amount of the monetary sanction against Mearls to the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(A).

**IT IS THEREFORE ORDERED** that:

(1) Defendant's Motion to Dismiss Plaintiff Cheri Mearls [Doc. No. 35] is **DENIED**;

(2) Plaintiff will be **SANCTIONED** for her non-compliance with pretrial discovery obligations; and

(3) in accordance with 28 U.S.C. § 636(b)(1)(A), the Court refers the decision regarding the amount of the monetary sanction against Mearls to United States Magistrate Judge

Schneider.

_____
UNITED STATES DISTRICT JUDGE