IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHERI MEARLS,

        Plaintiff,

v.                                                Civ. No.04-028 JH/WDS

UNITED PARCEL SERVICE, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Second Motion to Dismiss Plaintiff Cheri Mearls* [Doc. No. 69]. The issue before the Court is whether Plaintiff Cheri Mearls' ("Mearls") claims against Defendant United Parcel Service, Inc. ("UPS") should be dismissed as a sanction for her failure to comply with orders of this court and her failure to prosecute her case against UPS. In accordance with the law, the Court concludes that UPS's motion should be granted.

## FACTS

As explained in the Memorandum Opinion and Order filed on September 7, 2005, Mearls has failed to appear at the court-ordered settlement conference, failed to appear at her properly noticed deposition, and failed to file timely and complete responses to UPS's written discovery requests. Since that time, Mearls has continued to disregard the orders of this Court and her obligations under the Federal Rules of Civil Procedure. For example, Mearls has failed to pay the sanction levied against her in Magistrate Judge Schneider's Order dated November 9, 2005 as a result of her failure to appear for her deposition and the settlement conference, despite the fact that the deadline for her to do so was on November 29, 2005. In addition, Mearls still has not responded to UPS's discovery

requests in flagrant disobedience of Judge Schneider's July 12, 2005 Order compelling her to do so and in disregard of this Court's September 7, 2005 Memorandum Opinion and Order warning her that her failure to comply would be fatal to her claims. Finally, Mearls has failed to appear for the pretrial conference held on December 14, 2005.

## DISCUSSION

The Tenth Circuit Court of Appeals has recognized that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). In *Ehrenhaus*, the Tenth Circuit set forth the following criteria that a district court should "ordinarily" consider on the record when employing this drastic measure: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (quotations and internal citations omitted).

In its September 7, 2005 Memorandum Opinion and Order, this Court weighed each of the *Ehrenhaus* factors and found that Mearls' failure to meet her obligations in this litigation had resulted in (1) a significant degree of actual prejudice to UPS in the form of inconvenience, expense, and an inability to prepare a defense (in the absence of discovery from Mearls); and (2) significant interference with the judicial process, which has now been compounded by Mearls' failure to appear at the pretrial conference, a necessary precursor to a trial on the merits. Furthermore, the Court concluded that Mearls herself was culpable for her non-compliance, a fact that has been re-affirmed by her failure to pay ordered sanctions and to come to the pretrial conference. Each of these factors has been reinforced by events subsequent to the September 7, 2005 Memorandum Opinion and Order,

and the Court reaffirms those findings here.

Furthermore, in that September 7 Memorandum Opinion and Order, the Court explicitly warned Mearls that her failure to abide by the orders of this Court, her failure to appear for hearings and depositions, and her failure to meet her obligations under the Federal Rules of Civil Procedure would result in dismissal of her case against UPS. Despite that warning, Mearls has continued to flout her obligations and the authority of this Court. The fact that Mearls has continued to fail to comply with the Court's orders even after both an explicit warning and an order of monetary sanctions against her amply demonstrates that a lesser sanction would be ineffectual.

Accordingly, after considering each of the *Ehrenhaus* factors, the Court concludes that UPS's motion to dismiss is well taken and should be granted.

**IT IS THEREFORE ORDERED** that:

(1) *Defendant's Second Motion to Dismiss Plaintiff Cheri Mearls* [Doc. No. 69] is **GRANTED**;and

(2) Plaintiff's claims against UPS will be **DISMISSED WITH PREJUDICE**.

                                                               **UNITED STATES DISTRICT JUDGE**